## No. 10,400.

THE STATE OF LOUISIANA AND GIUSEPPE DI CARLO VS. JOHN ABBOTT.

The Governor is vested with power to remove an inspector of weights and measures, and the courts are without authority to inquire into the reasons for the removal.

In the commission if words are used equivalent to "removal" and which plainly show that the party appointed is to act in the place of the one holding the office, this is sufficient to operate a removal, and to entitle the party appointed to take possession of the office. The last appointment supercedes the first, and is a manifestation of the power vested in the Governor to remove the incumbent. No other declaration is necessary.

A person who has declared his intention of becoming a citizen of the United States and has qualified as an elector is a citizen of the State and elegible to hold office.

APPEAL from the Civil District Court for the Parish of Orleans. _King, J._

_Walter H. Rogers_ and _Aug. Bernau_ for Plaintiffs and Appellees.

_H. L. Lazarus_ and _Lionel Adams_ for Defendant and Appellant.

The opinion of the Court was delivered by

MCENERY, J. John Abbott the defendant was nominated and appointed by the Governor, and confirmed by the Senate to the office of Inspector of Weights and Measures. He qualified on the 25th July, 1888.

On the 22d day of December following, the Governor appointed to the same office and issued a commission to Di Carlo.

The commission reads "that I have nominated, constituted and appointed Giuseppe Di Carlo, Inspector of Weights and Measures, for the First District in Orleans parish, vice John Abbott."

Proceedings under the intrusion-into-office Act, were instituted by the State and Di Carlo to have Abbott adjudged an intruder and usurper of said office, and that said Di Carlo be declared entitled to said office and to the quiet enjoyment of the same.

The defence is that Di Carlo is an alien and ineligible, and the commission issued to him is therefore null and void, and that the appointment of Di Carlo and the issuance of a commission to him worded as stated, before the expiration of Abbott's term of office has expired, does

not operate *ipso facto* the latters' removal from the office and there being no vacancy the appointment is null and void.

Prior to his appointment Di Carlo had declared his intention to become a citizen of the United States. He had qualified as an elector and was therefore a citizen of the State, and eligible to said office. State vs. Fowler, 41 Ann. 380.

If the commission had issued stating that the Governor had appointed Di Carlo vice Abbott *removed*, there could be no question as to the vacancy created by the Governor under the authority vested in him to remove for special causes, enumerated in Secs. 3914, 3915, R. S. Art. 194 of 1877. His reasons for removal can not be inquired into. His discretion and judgment are absolute. State vs. Lamantia, 39 Ann. 449.

There is no law regulating the manner in which the Governor shall remove an officer. No form of set words is designated by any statute which the executive shall use in creating a vacancy by removal. The law being silent as to any particular form to be used by the Governor, the judiciary is without power to make one. If in the commission, words are used which are equivalent to "removed," and which plainly show that the party appointed is to act in the place of the one holding the office, this is sufficient to operate a removal and to entitle the party to take possession of the office.

The last appointment supercedes the first and is a manifestation of the power vested in the Governor to remove the incumbent for cause. No other declaration is necessary.

In the case of Dayries vs. Yoist, 25 Ann. 396, it was held "that the relator having a commission bearing date a month later than the commission of Yoist, the presumption is that the Governor had cause for the removal of the latter which was effected by the appointment of Dayries."

This was a case in which the Governor, as in the instant case, had the power to remove for specified causes. It is referred to as authority for the doctrine announced in the Lamantia case.

We conclude that the last commission issued in this case removed the defendant from the office of Inspector of Weights and Measures for the First District, Parish of Orleans, and presume that the Governor had cause for the removal, and we are without power to inquire into the reasons for his action.

Judgment affirmed.